IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAY A. BLANCHARD II | * | |
| Petitioner, | * | |
| v. | * | Civil No. PJM 11-847 |
| | * | Crim. No. PJM 07-0143 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

Ray A. Blanchard II, *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Paper No. 103] and a Motion for Leave to File [Paper No. 112]. Having considered the Motions and the Government's Opposition thereto, the Court **DENIES** the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and finds the Motion for Leave to File **MOOT**.

I.

On March 26, 2007, a federal grand jury returned an indictment charging Blanchard with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Shortly thereafter, Blanchard filed a Motion to Suppress Evidence that police officers recovered from his vehicle. The Court denied the Motion and found the following facts. A police officer observed a Black Chevrolet Tahoe without a front license plate fail to stop at a stop sign and speed down various roads. The officer chased after the vehicle and observed white substances being thrown out the window. After the officer pulled over the vehicle, Blanchard emerged and the officer observed in plain view a "white rock-like" substance on one of the seats; the officer subsequently found two handguns in the center console of the vehicle.

On November 14, 2008, following a jury trial, Blanchard was found guilty as charged in the indictment. The Court sentenced Blanchard to 327 months in prison and 5 years of supervised release. The Fourth Circuit affirmed the conviction and sentence. On March 31, 2011, Blanchard filed the instant Motion to Vacate, pursuant to 28 U.S.C. § 2255 and then filed a Supplemental Affidavit, which the Court returned as improperly filed. On June 23, 2011, Blanchard filed a Motion for Leave to correct the deficiencies in his Supplemental Affidavit. The Court has considered Blanchard's Supplemental Affidavit in evaluating the Motion to Vacate.

## II.

In his Motion to Vacate, Blanchard sets forth eight separate bases to vacate his conviction: (1) lack of subject matter jurisdiction; (2) constitutionally defective counsel; (3) illegal search and seizure during traffic stop; (4) due process violations based on alleged prosecutorial misconduct and knowingly false testimony; (5) violation of a right to bear arms; (6) double jeopardy for use of prior convictions; (7) cruel and unusual punishment; and (8) improper admission of 404(b) evidence.

## III.

### A.

Blanchard's argument that this Court lacks jurisdiction because Congress never passed the law under which he was convicted, fails. 18 U.S.C. § 3231 grants United States District Courts jurisdiction over all offenses against the laws of the United States. Blanchard was convicted under 18 U.S.C. § 922, a statute properly enacted by Congress. Therefore, this Court properly exercised subject matter jurisdiction over Blanchard's federal criminal prosecution.

## B.

Blanchard's argument that he received ineffective assistance of counsel fails to meet the two-prong test set forth in *Strickland v. Washington*. 466 U.S. 668 (1984). Under *Strickland*, a convicted defendant must first show that his counsel's performance was deficient and then that the resulting errors deprived him of a fair trial with a reliable result. *Id.* at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." *Id.* See also *Powell v. Kelly*, 562 F.3d 656 (4th Cir. 2009) (relying on *Strickland*).

Under the first prong of the test, the defendant must show that counsel's assistance was deficient, i.e. that it was unreasonable and detracts from the fairness and reliability of the trial. *Strickland*, 466 U.S. at 687, 89. Because there is no objective standard, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case . . . " *Id.* at 688-90. Attorneys often make strategic decisions in defending their clients, and those decisions cannot be the basis of an ineffective assistance claim if they were "made after thorough investigation of law and facts relevant to plausible options . . ." *Id.* at 690. "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." *Id.* at 682.

Under the second prong of the test, the defendant must show that counsel's errors or deficiencies "actually had an adverse effect on the defense." *Id.* at 693. The burden is on the defendant to show that there was a reasonable probability of a different result had counsel not committed the alleged errors. *Id.* at 694. A court assessing an ineffective assistance claim looks at the evidence in the record. Taking the unaffected findings as a given, and taking due account

of the effect of the errors on the remaining findings, a court making a prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 695-96.

Blanchard contends that his attorney: (1) was ineffective in collecting, presenting and challenging evidence; (2) improperly waived his right to a speedy trial under the Sixth Amendment without his consent; and (3) generally did not follow his directives.

First, Blanchard challenges numerous strategic decisions his counsel made regarding how to collect, present, and challenge evidence. Each of these decisions appears to have been well-founded in light of the facts of the case. For example, Blanchard challenges his counsel's decisions as to whether to hire a private investigator, which witnesses to call, and whether to object to or otherwise challenge certain pieces of evidence. Upon examination of the record, the Court finds that these were the types of decisions typically calculated to minimize the damage to his client and are worthy of deference as strategic decisions under *Strickland*. 466 U.S. at 681; *see also Goodson v. U.S.*, 564 F.2d 1071, 1072 (4th Cir. 1977) (courts are reluctant to second guess tactics of trial attorney's decision not to call witness); *U.S. v. Gouveia*, 467 U.S. 180, 181 (1984) (defendant is not entitled to a private investigator, as matter of right to counsel); *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002) (defendant has burden of showing that counsel's action or inaction was not based on valid strategic choice). Blanchard has failed to show that these decisions were professionally unreasonable. As a further example, Blanchard challenges his counsel's decision not to present evidence of a tenuous relationship between Blanchard and the police officers, positing that such evidence would have revealed police prejudice. The Court finds that it was reasonable for counsel to determine that exploiting this relationship may hurt his

-4-

client before the jury. In each of the challenged instances, counsel made legitimate, professional choices, and did not provide deficient assistance.

Even if Blanchard could satisfy *Strickland's* first prong, which he cannot, he could not establish that the alleged errors prejudiced him under the second prong. *See Strickland,* 466 U.S. at 691; *Cousins v. Green*, 416 Fed. Appx. 278, 282 (4th Cir. 2011). Blanchard has identified no admissible, relevant evidence that was withheld from the jury, nor has he identified governmental evidence that could have been properly excluded. On direct appeal, the Fourth Circuit found no error in admitting the evidence seized by the police. Thus, even if Blanchard's counsel challenged the evidence Blanchard now objects to, there is no indication such a challenge would have changed the outcome. With respect to counsel's failure to hire private investigators and call certain witnesses, Blanchard provides the court with nothing to establish that a private investigator would have discovered any relevant information or that his suggested witness would have provided testimony that would have changed the outcome. Therefore, Blanchard fails to meet his evidentiary burden to establish prejudice. *Id.* at 283.

Second, Blanchard contends that counsel erred in requesting a preliminary report of Blanchard's criminal background and falsely representing that Blanchard agreed that the time to prepare this report was excludable under 18 U.S.C. § 3161(h)(1) in computing the time by which his trial must commence under the Speedy Trial Act. This, too, fails the *Strickland* test. Blanchard fails to show that counsel's decision was professionally unreasonable under the first prong of the *Strickland* test. 466 U.S. at 693. Blanchard's own decision to request new counsel caused the delay; new counsel needed time to learn the facts of the case and requested the filing a preliminary report in order to effectively represent Blanchard. Blanchard also fails to show that

the resulting delay prejudiced him under the second prong of *Strickland*. *Id.* at 688. Here, any delay likely aided the defendant in affording his new counsel time to adequately prepare his case.

Finally, Blanchard asserts that his counsel generally failed to follow his directives. Blanchard identifies several instances where counsel disregarded his wishes, including his desire to point out perjured testimony. Even if counsel's disregard for Blanchard's wishes could fulfill the first prong of the *Strickland* test, by no means does it pass the second prong. Blanchard presents no evidence to support his contention that had counsel strictly followed his directives, the outcome would have been any different.

Taken as a whole, Blanchard's ineffective counsel claims fail to meet the *Strickland* standard.

### C.

Blanchard's arguments that there was an illegal search and seizure during the traffic stop and that the Court improperly admitted Rule 404(b) evidence were both previously addressed on direct appeal, and the Fourth Circuit found no error. Previously litigated claims cannot be relitigated. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

### D.

Blanchard's arguments that his conviction and sentence (1) violated due process; (2) violated a right to bear arms; (3) placed him in double jeopardy by using his prior convictions against him; and (4) resulted in cruel and unusual punishment, have all been procedurally defaulted. Blanchard could have, but chose not to, raise these arguments on direct appeal. Therefore, each of these claims is barred unless Blanchard can show cause, actual prejudice, or a miscarriage of justice. *See United States v. Mikalajunas*, 186 F.3d. 490, 492-93 (4th Cir. 1999).

Blanchard has shown no cause for failing to raise these issues on appeal, nor any prejudice or miscarriage of justice resulting from these errors.

Even if these claims were not procedurally barred, they would fail on the merits. First, Blanchard's assertion that certain witnesses testified falsely is unsupported by factual contentions and thus insufficient to establish a violation of the Due Process Clause. Second, as a convicted felon, Blanchard does not have a right to bear arms. Blanchard asserts that *District of Columbia v. Heller*, 554 U.S. 570 (2008), holds that the right to bear arms shall not be infringed. This is incorrect. *Heller* upholds the criminalization of a felon possessing fire arms under statutes such as 18 U.S.C. § 922(g)(1). *See id.* Finally, the law is clear that using prior convictions to enhance a sentence does not violate the double jeopardy clause, so there is no cruel and unusual punishment. *See United States v. Presely*, 52 F.3d 64, 68 (4th Cir. 1995).

## V.

For the foregoing reasons, Blanchard's Motion to Vacate, Set Aside, or Correct Sentence [Document No. 103] is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

November 1, 2011