IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY A. BLANCHARD, #446601          *

    v.          *          CIVIL ACTION NO.  PJM-16-2451

WARDEN RICHARD DOVEY          *

          *****

## MEMORANDUM OPINION

After a three-day jury trial petitioner Ray Blanchard ("Blanchard") was convicted of one count of a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  *See United States v. Blanchard*, Criminal No. PJM-07-0143 (D. Md.).  On June 25, 2009, criminal judgment was entered sentencing Blanchard to a 327-month term with five years of supervised release.  He was further ordered to pay a special assessment of $100.00.  *Id*. at ECF No. 85.  On August 17, 2010, the criminal judgment was affirmed by the United States Court of Appeals for the Fourth Circuit.  *Id*. at ECF No. 100.

On March 31, 2011, Blanchard filed a 28 U.S.C. § 2255 Motion to Vacate.  *Id*. at 103.  The Motion to Vacate was denied after full briefing on November 2, 2011.[1]  *Id*. at ECF Nos. 111-114, 118, & 120-121.    On March 20, 2012, the Fourth Circuit dismissed the appeal and denied a Certificate of Appealability.  *Id*. at ECF No. 130.

---

[1]      Blanchard's claimed that: the Court lacked subject matter jurisdiction; he received ineffective assistance of counsel; he was subject to an illegal search and seizure during a traffic stop; he was deprived of due process based on prosecutorial misconduct and the knowing use of false testimony; his right to bear arms was violated; the Double Jeopardy Clause was violated due to the use of prior convictions;  he was subject to cruel and unusual punishment; and Rule 404(b) evidence was improperly admitted.  I found his grounds to be without merit or procedurally defaulted.  *See United States v. Blanchard*, Criminal No. PJM-07-0143 (D. Md.). ECF Nos. 120 & 121.

On November 17, 2014, a counseled Motion to Correct Sentence was filed pursuant to 28 U.S.C. § 2241.  *See United States v. Blanchard*, Criminal No. PJM-07-0143 (D. Md.) at ECF No. 138.  The Motion, seeking relief under *Descamps v. United States*,  133 S. Ct. 2276 (2013), was granted on November 19,  2014.   *Id*. at ECF No. 142.  On  November 25, 2014, an amended judgment was entered reducing Blanchard's sentence to a 120-month term and three years of supervised release. The $100.00 special assessment remained intact. *Id*. at ECF No. 148. On March 27, 2015, Blanchard's Motion for Reduction of Sentence was denied, the Court finding that he had failed to argue or meet any of the exceptions to the rule that a federal court "may not modify a term of imprisonment once it has been imposed."  *Id*. at ECF No. 148.

On June 29, 2016, Blanchard, who is now confined at Maryland Department of Correctional Services prison, the Maryland Correctional Institution in Hagerstown, Maryland,  filed a  Petition for "Writ of Habeas Corpus due to the Petitioner being held in Violation of the Laws of the United States Constitution-False Imprisonment-and Fraud."  The matter was construed as a 28 U.S.C. § 2241 Petition for writ of habeas corpus and instituted as the above-captioned case.  ECF No. 1. Blanchard attacks his 2009 federal conviction and sentence, complaining that: (1) exculpatory evidence (radio transmissions and perjured testimony) was withheld; (2) the prosecution knowingly presented false testimony and a misleading affidavit; (3) the prosecution and defense counsel deprived him of due process as they "permitted false imprisonment by not presenting the fact that [Blanchard] was target[ed] by P.G. County Police:" and (4) his federal prosecution is tainted because it was based on Maryland charges, for which there was no probable cause. *Id*., pp. 1-21.  He asks that the Court appoint him counsel,  schedule a hearing, and/or issue an order for his release.  ECF

No. 1, pp. 21-22.  The Petition was not accompanied by the $5.00 habeas corpus fee.  Blanchard

shall not be required to cure this deficiency.  For reasons to follow, the Petition shall summarily be

dismissed.

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress

circumscribed the ability of federal prisoners to request post-conviction relief.  *See Rhines v. Weber,*

544 U.S. 269, 274 (2005).  Title 28 U.S.C. § 2555 provides the ordinary means for a federal prisoner

to challenge his conviction or sentence.  But in AEDPA, Congress limited the jurisdiction of federal

courts to hear second or successive requests under § 2255. *See, e.g., In re Weathersby,* 717 F.3d

1108, 1110 (10th Cir. 2013) ("Congress placed strict limitations on second or successive motions

under § 2255[.]").

Specifically, courts may hear second or successive petitions only if they pertain to (1) "newly

discovered evidence ... [clearly and convincingly establishing] that no reasonable factfinder would

have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28

U.S.C. § 2255(h).

Blanchard's claim does not fall into either of these categories, so § 2255(h) does not permit

him to file a second or successive motion under § 2255.  If a federal prisoner cannot meet §

2255(h)'s requirements, then he may seek to file a traditional petition for writ of habeas corpus under

28 U.S.C. § 2241. But that right carries significant limits as well.  Specifically, a prisoner "may file a

habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is

inadequate or ineffective to test the legality of his detention.' " *Prousalis v. Moore,* 751 F.3d 272,

275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)).  If a federal prisoner brings a § 2241 petition that does not fall within the scope of this "savings clause," then the district court must dismiss the "unauthorized habeas motion ... for lack of jurisdiction," *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010).

Blanchard is a former federal prisoner who means to file a § 2241 petition for post-conviction relief challenging his 2009 federal handgun conviction. Therefore, I must assess whether § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). [2]

Generally, a § 2241 motion is used to attack only the execution of the sentence.  *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).  The court does recognize exceptions to this framework.  When § 2255 is deemed to be "inadequate or ineffective to test the legality of ... detention," a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.  *In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255).  Such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.  *See United States v. Surratt*, 797 F.3d 240, 248-50 (4th Cir.), reh'g en banc granted and opinion vacated.  (4th Cir. Dec. 2, 2015).  The savings clause of § 2255, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor.  *Darden v. Stephens*, 426 Fed. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

---

[2]     28 U.S.C. § 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Indeed, it appears, that the Fourth Circuit has not recognized an entitlement to habeas corpus relief when an inmate challenges his sentence contending that the remedy under § 2255 is inadequate or ineffective.  *See United States v. Poole,* 531 F.3d 263, 267 n. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [§ 2255(e)]  savings clause to those petitioner's challenging only their sentences. *See In re Jones,* 226 F.3d at 333–34.  "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." *Boynes v. Berkebile,* 2012 WL 1569563 at *6 (S.D. W.Va. 2012). The fact that relief under § 2255 is barred procedurally or under the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective.  *In re Jones,* 226 F.3d at 332; *see also In Re Vial,* 115 F.3d  at 1194 n. 5 (that a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy.

Blanchard may not rely on the savings clause provision of § 2255(e).   Merely because this Court has previously denied him relief does not render the 2255 remedy inadequate.   Section 2255 will not be viewed as inadequate or ineffective merely because § 2255 has already been denied, or because a petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed.  *See United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000).  Because Blanchard can obtain the relief he seeks using a § 2255 motion if he is entitled to it, the court lacks jurisdiction to consider the § 2241 motion.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Blanchard has provided no evidence that he has secured this necessary authorization from the Fourth Circuit; therefore this Court is without jurisdiction to consider the merits of a successive motion under § 2255. *See In re Vial,* 115 F.3d at 1194–95. A "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). The Fourth Circuit must first enter an order authorizing this Court to consider the successive filing before this Court can examine the merit of his claims.[3] *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[3]    The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are inclusive. The Clerk shall provide a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should Blanchard wish to seek authorization in the appellate court to file a

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)).  Blanchard  has not made the required showing and the Court declines to issue a Certificate of Appealability.  A separate Order follows dismissing this case.[4]

Date:  July 6, 2016                                        _____/s/_____
                                                                                PETER J. MESSITTE
                                                                      UNITED STATES DISTRICT JUDGE

---

successive § 2255 petition.  It is to be emphasized that Blanchard must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.
[4]        A courtesy copy of the Petition, as well as the Memorandum Opinion and Order shall be docketed in *United States v. Blanchard*, Criminal No. PJM-07-0143 (D. Md.).